United States District Court
Southern District of Texas
**ENTERED**
July 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMMY URBANO LEOS, (TDCJ–CID #0410726) Petitioner, vs. LORIE DAVIS, Respondent. | CIVIL ACTION NO. 4:19–cv–1112 JUDGE CHARLES ESKRIDGE |

## MEMORANDUM ON DISMISSAL

Petitioner Sammy Urbano Leos seeks a writ of *habeas corpus* under 28 USC § 2254. He challenges his 2002 conviction in the 278th Judicial District Court of Walker County, Texas.

Respondent Lorie Davis filed copies of the state court record and moved for summary judgment, asserting that limitations bar the petition. Leos argues that equitable tolling and other reasons entitle him to relief.

The motion for summary judgment is granted.

   1. Background

A jury in December 1985 found Leos guilty of murder in Cause Number 85-7-11,966 before the 24th Judicial District Court of Victoria County, Texas. He was sentenced to a prison term of sixty years. Leos was serving that sentence at the Estelle Unit of the Texas Department of Criminal Justice—Correctional Institutions Division when the offenses at issue in his petition occurred. These were aggravated assault on a public servant with a deadly weapon and possession of a weapon in a penal institution.

A jury found Leos guilty of those felony offenses in Cause Number 20,727-C before the 278th Judicial District Court of

Walker County, Texas. He was sentenced in November 2002 to twenty-five years in prison for the assault and ten years in prison for possession of the weapon. The trial court ordered the sentences to run concurrently to one another and consecutively to his sixty-year sentence for murder. Dkt 8-1 at 49–51.

The Texas Court of Criminal Appeals granted Leos permission to file an out-of-time appeal in 2006. It affirmed his conviction in October 2007. Leos did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Dkt 8-43 at 24.

Leos filed an application for state *habeas corpus* relief over ten years later in October 2018. Dkt 8-43 at 22. The Texas Court of Criminal Appeals denied it without written order in December 2018. Dkt 8-38 at 1.

Leos contends in his petition here that his conviction is void for the following reasons:

- o The use of his murder conviction to enhance his sentences for aggravated assault on a public servant with a deadly weapon and possession of a deadly weapon in a penal institution was illegal because the murder conviction was not final on the date alleged in the indictment.
- o Trial counsel rendered ineffective assistance by failing to investigate and challenge the illegal enhancement allegations.
- o Systemic problems with the State Counsel for Offenders were identified in a report from 2017, which violated his right to equal protection and effective assistance of counsel.

Dkt 1 at 6–7.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. See also *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Supreme Court holds that "the substantive law will

2

identify which facts are material." *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986); see also *Nola Spice Designs LLC v Haydel Enterprises, Inc*, 783 F3d 527, 536 (5th Cir 2015).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub L No 104-132, 110 Stat 1214 (1996), imposed a one-year statute of limitations for federal *habeas corpus* petitions. The statute provides in part:

> A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 USC § 2244(d)(1).

Most directly at issue here is § 2244(d)(1)(A) pertaining to limitations running from judgment finality at the conclusion of direct review. The Fifth Circuit explained in *Roberts v Cockrell* that "a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 319 F3d 690, 694 (5th Cir 2003) (quotation marks and citations omitted); see also *Erickson v Davis*, 895 F3d 372, 375 (5th Cir 2018). Direct

review includes a petition for *certiorari* to the Supreme Court, and so direct review concludes when the Supreme Court either rejects the petition or rules on its merits. Ibid. Absent appeal to the highest court of the state, judgment becomes final when the time for seeking such review expires. *Gonzalez v Thaler*, 565 US 134, 150 (2012).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 USC § 2244(d)(2).

    3. Analysis
        a. Limitations

The Tenth Court of Appeals affirmed the pertinent conviction in October 2007. This gave Leos thirty days to file a petition for discretionary review. TRAP 68.2(a). He did not do so. His conviction was thus final in November 2007, and the one-year limitations period officially ran and ended in November 2008. Leos waited until March 2019 before filing his federal petition. The petition for a writ of *habeas corpus* is untimely under § 2244(d)(1)(A).

Leos did file an application for state *habeas corpus* relief much later in October 2018, which the Texas Court of Criminal Appeals denied without written order in December 2018. Dkt 8-43 at 22; 8-38 at 1. But the limitations period had already run by then. As such, that state application in no way tolled the limitations period. *Scott v Johnson*, 227 F3d 260, 263 (5th Cir 2000).

Liberally construed, Leos also argues that alternate triggers under the AEDPA set a different end to the limitations period. They did not.

As to § 2244(d)(1)(B), nothing in the record indicates that any unconstitutional state action prevented Leos from filing an application for federal *habeas corpus* relief before the end of the limitations period.

As to § 2244(d)(1)(C), the claims by Leos do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Leos

cites *Ex parte Pue* to claim that the Texas Court of Criminal Appeals changed state law on illegal sentences. 552 SW3d 226 (Tex Crim App 2018). Irrespective of the contours of that decision, it is not one by the United States Supreme Court.

As to § 2244(d)(1)(D), Leos fails to prove that any factual predicate was unknown or could not have been discovered with due diligence prior to the time his conviction became final. He claims as new evidence the report alleging issues with the State Counsel for Offenders as published in December 2017. He argues this shows that the State Counsel for Offenders program provided unethical, conflicted, and inferior legal services for inmates charged with crimes; his attorney for the pertinent offense worked for State Counsel for Offenders; and so he received ineffective assistance during his trial in 2002. He asserts that he started state *habeas corpus* proceedings in October 2018 after learning about this report in April 2018.

Fifth Circuit precedent rejects any such contention. In *Flanagan v Johnson*, the petitioner asserted that an affidavit from his prior attorney stating that he could not remember if he had told petitioner of his right not to testify constituted sufficient new evidence. 154 F3d 196, 198 (5th Cir 1998). The Fifth Circuit determined to the contrary that this confused "knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." Id at 199. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." Ibid.

Likewise in *Mullins v Quarterman*, the petitioner asserted the limitation period should not have commenced until his receipt of an order from the state board that reprimanded the psychologist who examined petitioner in his criminal proceeding. 288 F Appx 987, 988 (5th Cir 2008) (unpublished). The Fifth Circuit concluded the subject order of reprimand was "merely support for Mullins's repeated attempts to challenge his guilty plea" but did not itself "form the factual predicate for his claims." Ibid.

Leos does not show how the issues identified in the December 2017 report have any bearing on his case, which took

place fifteen years earlier. The report itself does not point to any problem in his case as to the effectiveness of counsel. And Leos does not himself specify what his ineffective-assistance claim would be. As such, the December 2017 report does not itself make any of his claims timely.

Leos did not bring his federal petition for a writ of *habeas corpus* within the time required by § 2244(d)(1). Absent equitable tolling, his petition was untimely by more than a decade.

### b. Equitable tolling

Equitable tolling preserves claims in situations when strict application of the statute of limitations would be inequitable. *United States v Patterson*, 211 F3d 927, 930 (5th Cir 2000), citing *Davis v Johnson*, 158 F3d 806, 810 (5th Cir 1998). The Fifth Circuit holds that cases presenting "rare and exceptional circumstances" can equitably toll the one-year statute of limitations in the AEDPA. *Jackson v Davis*, 933 F3d 408, 410 (5th Cir 2019) (citations omitted). It applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *United States v Wheaten*, 826 F3d 843, 851 (5th Cir 2016) (citations omitted); see also *Melancon v Kaylo*, 259 F3d 401, 408 (5th Cir 2001) (citations omitted).

The burden of proving entitlement to equitable tolling is on the *habeas* petitioner. *Phillips v Donnelly*, 216 F3d 508, 511 (5th Cir 2000) (per curiam). To establish entitlement, the petitioner must show diligence in the pursuit of rights and extraordinary circumstances that prevented timely filing. *Manning v Epps*, 688 F3d 177, 184 (5th Cir 2012) (citations omitted). The required diligence is that which is reasonable, not that which is maximumly feasible. *Holland v Florida*, 560 US 631, 653 (2010). But the Fifth Circuit has noted that delays of as little as four and six months precluded a finding of diligence. *Palacios v Stephens*, 723 F3d 600, 606 (5th Cir 2013) (citations omitted); see also *Koumjian v Thaler*, 484 F Appx 966, 969–70 (5th Cir 2012) (unpublished) (no abuse of discretion in denying equitable tolling due to delay exceeding four and a half months).

Leos fails to show that any extraordinary circumstance prevented him from timely filing his federal *habeas* petition.

Nothing in the record suggests that the State of Texas misled him or otherwise prevented him from filing within the deadline.

He also fails to show diligence in the pursuit of his rights. The record shows instead that Leos let more than ten years pass between the dates when his conviction became final and when he first sought to file a state petition for *habeas corpus* relief. Such delay in filing his state petition counsels against the application of the tolling doctrine. *Ott v Johnson*, 192 F3d 510, 514 (5th Cir 1999). He also delayed six months from when he learned of the report alleging issues with the State Counsel for Offenders to bring his state petition, and then another three months after denial to file his federal petition.

Leos cannot rely on his status as an unskilled layperson to excuse the delay in filing this petition. *Pro se* litigants are the rule on *habeas corpus* petitions in § 2254 suits, not the requisite "rare and exceptional circumstances" required for equitable tolling. See *United States v Flores*, 981 F2d 231, 236 (5th Cir 1993). The Fifth Circuit is clear that ignorance of the law and lack of legal assistance generally do not excuse late filing. For example, see *Wheaten*, 826 F3d at 853, citing *Flores v Quarterman*, 467 F3d 484, 486–87 (5th Cir 2006) (per curiam), *Fierro v Cockrell*, 294 F3d 674, 683 (5th Cir 2002) (equitable tolling not warranted due to mistaken assumption that statute of limitations did not apply to petition); *Scott*, 227 F3d at 263 (equitable tolling not warranted due to confiscation of legal materials and inadequate law library where alleged impediments to filing were removed six months prior to end of limitations period); *Turner v Johnson*, 177 F3d 390, 392 (5th Cir 1999) (per curiam) (equitable tolling not warranted due to unfamiliarity with legal process or lack of representation during applicable filing period).

These citations confirm that nothing in the record indicates that Leos is entitled to equitable tolling.

### c. Actual innocence

A petitioner seeking *habeas corpus* relief may overcome the expiration of the AEDPA limitations period if the asserted claim qualifies under an exception to avoid a fundamental miscarriage of justice. *McQuiggin v Perkins*, 569 US 383, 386 (2013). And so Leos asserts that his actual innocence precludes dismissal of this

action.

Where proven, actual innocence serves as a gateway to bypass a procedural bar (such as the expiration of the statute of limitations) so that a constitutional claim may be heard. *McQuiggin*, 569 US at 386, 392. But the standard is "demanding," opening "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 US at 401, quoting *Schlup v Delo*, 513 US 298, 316 (1995); see also *Floyd v Vannoy*, 894 F3d 143, 154–55 (5th Cir 2018). The untimeliness of a petition itself bears on the credibility of evidence proffered to show actual innocence. *McQuiggin*, 569 US at 401.

In this context, *actual innocence* means "factual innocence, not mere legal insufficiency." *Bousley v United States*, 523 US 614, 623 (1998), citing *Sawyer v Whitley*, 505 US 333, 339 (1992); see also *Calderon v Thompson*, 523 US 538, 559 (1998), citing *Sawyer*, 505 US at 339. And a petitioner must support the allegations with new and reliable evidence that was not presented at trial, while establishing that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v Anderson*, 188 F3d 635, 644 (5th Cir 1999), quoting *Schlup*, 513 US at 327; accord *Finley v Johnson*, 243 F3d 215, 221 (5th Cir 2001); *United States v Jones*, 172 F3d 381, 384 (5th Cir 1999).

Leos delayed ten years in bringing this federal petition. He now contends that the enhancement paragraph was invalid, and so in that sense he is actually innocent of the sentence as imposed. The Fifth Circuit has not yet specifically addressed this type of assertion. But other circuits have held that *McQuiggin* and the actual-innocence exception extend only to innocence of the *crime* of conviction in a noncapital case—not as to innocence of the *sentence* imposed. See *United States v Jones*, 758 F3d 579, 586–87 (4th Cir 2014); *Jones v Martin*, 622 F Appx 738, 739–40 (10th Cir 2015) (unpublished). The concept of actual innocence thus does not cover the contention Leos argues.

The contention is also meritless. Leos complains about this language in the indictment:

8

> [T]hat prior to the commission of the offense alleged above, on the 9th day of December, 1985, in Cause No. 85-7-11,966, in the 24th District Court of Victoria County, Texas, the said SAMMY URBANO LEOS was convicted of the felony of MURDER, which conviction became final prior to the commission of the aforesaid offense, against the peace and dignity of the State.

Dkt 8-44 at 40. He contends that this incorrectly lists the date in December 1985 as when his murder conviction became final, rather than November 1986 when it actually did. Dkt 1 at 6.

In the first place, the contention in no way relates to the discovery of new and reliable evidence that proves his innocence. The language in the indictment by its very nature was available well prior even to his conviction.

Beyond this, the date in the indictment plainly refers to the date of conviction and not its finality. And Leos in no way argues or seeks to establish that his prior conviction wasn't final at the time of the commission of his later, subject offense. Even if it were somehow construed as *new* evidence, the Court cannot find that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial.

Leos fails in every way to show that his 1985 murder conviction was not final when he committed the dual offenses of aggravated assault on a public servant with a deadly weapon and possession of a weapon in a penal institution. His sentence having been legally enhanced, he is not actually innocent of that sentence as imposed—even if such an exception to the limitations period existed.

In short, assertion of actual innocence is insufficient to avoid operation of the statute of limitations.

### d. Request for an evidentiary hearing

Leos moves to introduce the 2017 report on Texas's State Counsel for Offenders Indigent Defense Program by Scott Ehlers as expert witness testimony. Dkt 9. He seeks an evidentiary hearing in this regard. See Dkt 12.

> 28 USC § 2254(e)(2) provides:
>> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>>
>> (A) the claim relies on—
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Supreme Court has stated that the AEDPA reflects a congressional intent "to avoid unneeded evidentiary hearings" in federal *habeas corpus* proceedings. *Williams v Taylor*, 529 US 420, 436 (2000). This Court has discretion to reject the need for an evidentiary hearing. See *Conner v Quarterman*, 477 F3d 287, 293 (5th Cir 2007), citing *Roberts v Dretke*, 381 F3d 491, 497 (5th Cir 2004). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases.

A federal *habeas corpus* petitioner can have an evidentiary hearing if there is a genuine factual dispute and the state has not afforded the petitioner a full and fair hearing. *Clark v Johnson*, 202 F3d 760, 766 (5th Cir 2000), citing *Perillo v Johnson*, 79 F3d 441, 444 (5th Cir 1996). But a petitioner is not entitled to an evidentiary hearing "if his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Young v Herring*, 938 F2d 543, 559 (5th Cir 1991), quoting *Blackledge v Allison*, 431 US 63, 74 (1977); see also *Washington v Davis*, 715 F Appx 380, 385

(5th Cir 2017) (unpublished).

Leos has not shown his entitlement to equitable tolling. And an evidentiary hearing is unnecessary where there are no relevant factual disputes that require development in order to assess the claims. *Robison v Johnson*, 151 F3d 256, 268 (5th Cir 1998), cert denied, 526 US 1100 (1999). To the contrary, all issues raised in this case can be and have been resolved based on the pleadings and state-court records.

Leos fails to provide any factual basis to support an evidentiary hearing. The motion for such hearing is denied.

### e. Motion to strike

Leos observes that Davis moves for summary judgment based on limitations and on the merits. He argues that she should not be allowed to argue alternative grounds for dismissal. Dkt 10. But Federal Rule of Civil Procedure 8(d)(3) states, "A party may state as many separate claims or defenses as it has, regardless of consistency." The motion to strike is denied.

## 4. Conclusion

The pleadings and state court records show that the federal petition brought by Sammy Urbanos Leos is untimely. Davis is entitled to judgment as a matter of law.

The motion for summary judgment based on limitations is GRANTED. Dkt 7.

This case is DISMISSED WITH PREJUDICE.

The petition by Leos for a writ of *habeas corpus* is DENIED.

The motions by Leos for an evidentiary hearing are DENIED. Dkts 9, 12.

The motion to strike by Leos is DENIED. Dkt 10.

The motions by Leos for the appointment of counsel, to produce affidavits, and to proceed *in forma pauperis* are DENIED as moot. Dkts 13, 14, 16.

Any other pending motions are DENIED as moot.

SO ORDERED.

Signed on July 8, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

Any other pending motions are DENIED as moot.

SO ORDERED.

Signed on July 8, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge